**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NEPHRON PHARMACEUTICALS
CORPORATION, NEPHRON S.C., INC.
and NEPHRON STERILE
COMPOUNDING CENTER LLC,

      **Plaintiffs,**

v.                                                                                                                 Case No:   6:18-cv-1573-Orl-31LRH

JENNIFER SHELLY HULSEY, U.S.
COMPOUNDING INC. and ADAMIS
PHARMACEUTICALS CORPORATION,

      **Defendants.**

## ORDER

      This Matter comes before the Court on the Defendants' Motions to Dismiss (Docs. 62 and 65) and the Plaintiffs' Responses (Docs. 64 and 69).

      **I.**     **Background**

      The Defendants U.S. Compounding Inc. (USCI) and Adamis Pharmaceuticals Corporation (APC) move to dismiss Count V (aiding and abetting breach of the duty of loyalty) as preempted by the Florida Uniform Trade Secrets Act ("FUTSA") and Count VI (tortious interference with contractual relationships) as insufficiently pled. Defendant Hulsey moves to dismiss Counts IV (breach of the duty of loyalty), VI, and VIII (civil conspiracy). Hulsey, like the other Defendants, argues that, because those claims "are based on the premise that Ms. Hulsey misappropriated trade secret information belonging to Plaintiffs, [they] are preempted by the Florida Uniform Trade Secrets Act." Doc. 65 at 4. Additionally, Hulsey contends that the Plaintiffs' claims for breach of

the duty of loyalty and tortious interference with contractual relationships are insufficiently pled. Doc. 65 at 4.

Hulsey is a former employee of the Plaintiffs. As their employee, Hulsey had access to confidential trade secret information, and she was required to execute an Employee Confidentiality and Non-Disclosure Agreement, which she signed on June 17, 2015. Sec. Amend. Compl. ¶ 26-28. Hulsey resigned on August 24, 2018, after giving two weeks' notice. *Id. ¶* 36. Hulsey then went to work for USCI, a direct Nephron competitor. *Id. ¶* 40. Upon learning that Hulsey had emailed a Nephron customer following her resignation, Nephron began an investigation into Hulsey's pre-resignation conduct. Nephron alleges that Hulsey misappropriated Nephron's trade secrets based on its findings from that investigation.

## II.    Legal Standards

### A.  Motion to Dismiss

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. *See* Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter*

*Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

### B. Florida Uniform Trade Secrets Act

To state a claim under FUTSA, the plaintiff must allege that: (1) it possessed secret information and took reasonable steps to protect its secrecy; and (2) the secret information was misappropriated, either by one who knew or had reason to know that the secret was improperly obtained or by one who used improper means to obtain it. *See, e.g.*, *Levenger Co. v. Feldman*, 516 F. Supp. 2d 1272, 1287 (S.D. Fla. 2007); *Del Monte Fresh Produce Co. v. Dole Food Co.*, 136 F. Supp. 2d 1271, 1291 (S.D. Fla. 2001); *see also* Fla. Stat. § 688.002 (defining "misappropriation" to include "Disclosure or use of a trade secret ... without express or implied consent by a person who ... knew or had reason to know that her or his knowledge of the trade secret was ... derived from or through a person who had utilized improper means to acquire it."). Misappropriation under FUTSA can also be shown by alleging "[d]isclosure or use of trade secret of another without express or implied consent by a person who . . . [a]t the time of disclosure or use, knew or had reason to know that her or his knowledge of the trade secret was . . . [d]erived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use." Fla. Stat. § 688.002(2)(b)(2)(c).

### III. Analysis

#### A. Failure to State a Claim

##### 1. Count IV

Count IV alleges breach of the duty of loyalty against Hulsey. "The elements of a breach of fiduciary duty claim are: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach." *Border Collie Rescue, Inc. v. Ryan*, 418 F. Supp. 2d 1330, 1342 (M.D. Fla. 2006). Additionally, an employee "may not engage in disloyal acts in anticipation of his future competition." *Bank of Am., N.A. v. Crawford*, No. 2:12-civ-691-FTM-99, 2013 WL 593743, at *3 (M.D. Fla. Feb. 15, 2013) (internal quotations omitted). Here, the Plaintiffs have plausibly pled the breach of the duty of loyalty element by alleging that Hulsey engaged in disloyal acts of storing and/or transmitting confidential information in anticipation of future competition. However, Plaintiffs' allegations as to how they suffered damages as a proximate cause of that breach are conclusory and insufficient. Accordingly, the Plaintiffs have failed to state a claim for breach of the duty of loyalty.

##### 2. Count VI

Count VI alleges tortious interference with contractual relationships against all Defendants with respect to Nephron's "existing and/or prospective contractual relationships with identifiable customers and prospective customers." To successfully plead this claim, a plaintiff must allege that: (1) a contract exists; (2) the defendant knew about the contract; (3) the defendant intentionally procured a breach of the contract; (4) there was no justification or privilege for the breach; and (5) the plaintiff suffered damages. *Johns Enters. of Jacksonville, Inc. v. FPL Grp.*, 162 F.3d 1290, 1321 (11th Cir. 1998) (citing *Fla. Tel. Corp. v. Essig*, 468 So. 2d 543, 544 (Fla. 5th DCA 1985) ). As this Court has previously stated, "the gravamen of a tortious interference claim is that the defendant

induced a third party to breach the contract or the relationship, not that the defendant itself did so." *Sekula v. Residential Credit Sols., Inc.*, No. 6:15-civ-2104-ORL-31-KRS, 2016 WL 4272203, at *3 (M.D. Fla. Aug. 15, 2016). The Second Amended Complaint does not allege that the Defendants induced a third party to breach a contract. Accordingly, it fails to state a claim for tortious interference with contractual relationships.

### B. Preemption

FUTSA preempts "conflicting tort, restitutory, and other law[s] of this state providing civil remedies for misappropriation of a trade secret." Fla. Stat. § 688.008(1). Common law claims based on a theory of misappropriation of trade secrets are preempted by FUTSA unless the allegations are separate and have material distinctions. *ThinkLite LLC v. TLG Sols., LLC*, No. 16-civ-24417, 2017 WL 5972888, at *4 (S.D. Fla. Jan. 31, 2017). If the trade secret misappropriation alone comprises the underlying wrong, the action is preempted. *Allegiance Healthcare Corp. v. Coleman*, 232 F. Supp. 2d 1329, 1336 (S.D. Fla. 2002).

Because the Court has found that Counts IV and VI fail to state a claim upon which relief can be granted, it does not address preemption as to those counts.

### 1. Count V: Aiding and Abetting Breach of the Duty of Loyalty

The Plaintiffs claim that USCI and Adamis aided and abetted a breach of the duty of loyalty by directing Hulsey to store and transmit "confidential and proprietary information including, without limitation, [Nephron's] trade secrets." There is no material distinction between the allegations of the FUTSA violations and the allegations in Count V. The Plaintiffs attempt to draw a temporal distinction between the two, arguing that one set of actions occurred during Hulsey's employment and the other occurred afterwards. The Plaintiffs also incorrectly limit the definition of "misappropriation" to support this view. Misappropriation is not limited to acts of acquisition by

improper means or knowledge that the information was improperly obtained. It includes "[*d*]*isclosure or use* of trade secret of another without express or implied consent by a person who . . . [a]t the time of disclosure or use, knew or had reason to know that her or his knowledge of the trade secret was . . . [d]erived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use." Fla. Stat. § 688.002(2)(b)(2)(c) (emphasis added). Trade secret misappropriation is the sole underlying wrong pled in Count V. Accordingly, Count V is preempted.

### 2. Count VIII: Civil Conspiracy

The Plaintiffs allege that the Defendants "entered into a civil conspiracy for the purpose of misappropriating and using Nephron's confidential and proprietary information." Doc. 52 at 40. There is no material distinction between Count VIII and the allegations of FUTSA violations. While the Plaintiffs include excerpts from the Second Amended Complaint in an effort to show that Count VIII has distinct factual allegations, only one of those excerpts that is actually found in the section for Count VIII. The Plaintiffs cite Paragraph 47 as alleging "Hulsey and the USC Defendants conspired in order 'to unlawfully compete against Nephron in its business." Doc. 69 at 14. Paragraph 47 states that the Defendants "entered into a civil conspiracy *for the purpose of misappropriating and using Nephron's confidential and proprietary information including, without limitation, its trade secrets*, to unlawfully compete against Nephron in its businesses." Doc. 52 at 40 (emphasis added). The other excerpts cited by the Plaintiffs all come from Paragraphs 1-67. The Plaintiffs' citations to those paragraphs are unpersuasive, because all of those paragraphs are incorporated by reference into their FUTSA allegations. *See id.* at 23.

### IV. Conclusion

For foregoing reasons, the Defendants' Motions to Dismiss (Docs. 62 and 65) are **GRANTED**. Counts IV, V, VI, and VIII of the Second Amended Complaint are **DISMISSED** without prejudice. If the Plaintiffs wish to file a third amended complaint, they may do so within twenty-one (21) days of the date of this Order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 10, 2019.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party