# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NEPHRON PHARMACEUTICALS**
**CORPORATION, NEPHRON S.C., INC.**
**and NEPHRON STERILE**
**COMPOUNDING CENTER LLC,**

      **Plaintiffs,**

v.                                                         Case No: 6:18-cv-1573-Orl-31LRH

**JENNIFER SHELLY HULSEY, U.S.**
**COMPOUNDING INC. and ADAMIS**
**PHARMACEUTICALS CORPORATION,**

      **Defendants.**

## ORDER

This Matter comes before the Court on the Defendants' Motions to Dismiss (Docs. 75 and 76) and the Plaintiffs'[1] Responses (Docs. 77 and 78).

### I. Background

Hulsey is a former employee of the Plaintiffs. As their employee, Hulsey had access to confidential trade secret information, and she was required to execute an Employee Confidentiality and Non-Disclosure Agreement, which she signed on June 17, 2015. Third Amend. Compl. ¶ 26-28. Hulsey resigned on August 24, 2018, after giving two weeks' notice. *Id.* ¶ 37. Hulsey then went to work for U.S. Compounding, Inc. ("USCI"),[2] a direct Nephron competitor. *Id.* ¶ 41. Upon learning that Hulsey had emailed a Nephron customer following her resignation, Nephron began an

---

[1] This Order refers to the Plaintiffs collectively as "Nephron."

[2] Adamis Pharmaceuticals Corporation ("Adamis") is the parent corporation of USCI. Doc. 48 ¶ 7.

investigation into Hulsey's pre-resignation conduct. Among other things, Nephron alleges that Hulsey misappropriated Nephron's trade secrets based on its findings from that investigation. The Third Amended Complaint alleges violation of the Federal Defend Trade Secrets Act against all Defendants (Count I); Breach of Contract against Hulsey (Count II); violation of the Florida Uniform Trade Secrets Act against all Defendants (Count III); breach of the duty of loyalty against Hulsey (Count IV); aiding and abetting a breach of the duty of loyalty against Adamis and U.S. Compounding ("USCI") (Count V); tortious interference with business relationships against all Defendants (Count VI); intentional interference with advantageous relationships against USCI and Adamis (Count VII); and civil conspiracy against all Defendants (Count VIII). USCI and Adamis move to dismiss Counts V, VI, and VIII. Hulsey moves to dismiss Counts IV, VI, and VIII.[3]

## II. Legal Standards

### A. Motion to Dismiss

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. *See* Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

---

[3] The Court notes that Counts IV, V, VI, and VIII of the Second Amended Complaint were previously dismissed without prejudice. Doc. 73. Nephron has re-pled Counts IV, V, and VIII, keeping the same causes of action and adding additional allegations. Nephron now pleads tortious interference with business relationships in Count VI; the Second Amended Complaint pled tortious interference with contractual relationship.

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

**B. Florida Uniform Trade Secrets Act**

To state a claim under FUTSA, the plaintiff must allege that: (1) it possessed secret information and took reasonable steps to protect its secrecy; and (2) the secret information was misappropriated, either by one who knew or had reason to know that the secret was improperly obtained or by one who used improper means to obtain it. *See, e.g.*, *Levenger Co. v. Feldman*, 516 F. Supp. 2d 1272, 1287 (S.D. Fla. 2007); *Del Monte Fresh Produce Co. v. Dole Food Co.*, 136 F. Supp. 2d 1271, 1291 (S.D. Fla. 2001); *see also* Fla. Stat. § 688.002 (defining "misappropriation" to include "Disclosure or use of a trade secret ... without express or implied consent by a person who ... knew or had reason to know that her or his knowledge of the trade secret was ... derived from or through a person who had utilized improper means to acquire it."). Misappropriation under FUTSA can also be shown by alleging "[d]isclosure or use of trade secret of another without express or implied consent by a person who . . . [a]t the time of disclosure or use, knew or had reason to know

that her or his knowledge of the trade secret was . . . [d]erived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use." Fla. Stat. § 688.002(2)(b)(2)(c).

FUTSA preempts "conflicting tort, restitutory, and other law[s] of this state providing civil remedies for misappropriation of a trade secret." Fla. Stat. § 688.008(1). Common law claims based on a theory of misappropriation of trade secrets are preempted by FUTSA unless the allegations are separate and have material distinctions. *ThinkLite LLC v. TLG Sols., LLC*, No. 16-civ-24417, 2017 WL 5972888, at *4 (S.D. Fla. Jan. 31, 2017). If the trade secret misappropriation alone comprises the underlying wrong, the action is preempted. *Allegiance Healthcare Corp. v. Coleman*, 232 F. Supp. 2d 1329, 1336 (S.D. Fla. 2002).

### III. Analysis

#### A. Count IV and Count V: Breach of the Duty of Loyalty and Aiding and Abetting a Breach of the Duty of Loyalty

Count IV alleges breach of the duty of loyalty against Hulsey. "The elements of a breach of fiduciary duty claim are: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach." *Border Collie Rescue, Inc. v. Ryan*, 418 F. Supp. 2d 1330, 1342 (M.D. Fla. 2006). Additionally, an employee "may not engage in disloyal acts in anticipation of his future competition." *Bank of Am., N.A. v. Crawford*, No. 2:12-civ-691-FTM-99, 2013 WL 593743, at *3 (M.D. Fla. Feb. 15, 2013) (internal quotations omitted). Most of the allegations in Count IV are plagued by the same insufficiency found in the Second Amended Complaint. The only new allegations that could amount to a breach of the duty of loyalty are the claims that Hulsey attempted to poach Nephron employees and customers. However, there is not an adequate claim of damages for either allegation; there is no indication that any Nephron employees

or customers actually left as a result of Hulsey's poaching attempts. Count V suffers from the exact same deficiency with respect to Hulsey's alleged attempt to poach employees. Once again, Nephron's allegations of how it suffered damages proximately caused by any breach of the duty of loyalty are conclusory and insufficient.

### B. Count VI: Tortious Interference with a Business Relationship

To state a claim for tortious interference with business relations, a plaintiff must allege:

> (1) the existence of a business relationship ... (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship.

*Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994) (quoting *Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126, 1127 (Fla. 1985)). Hulsey argues that the Plaintiffs have failed to state a claim for tortious interference because there is no allegation that the interfering defendant was a third-party stranger. Doc. 76 at 8. However, Hulsey's argument is flawed. Under Florida law, it is true, generally speaking, that only interference by strangers to a business relationship can be unjustified, as required to sustain a claim of tortious interference. *Palm Beach County Health Care Dist. v. Professional Medical Educ., Inc.*, 13 So. 3d 1090, 1094 (Fla. 4th DCA 2009). However, even non-strangers can be held liable where they are alleged to have acted in bad faith or with conspiratorial motives. *See, e.g.*, *Wilson v. EverBank, N.A.*, 77 F.Supp.3d 1202, 1239 (S.D. Fla. 2015). However, Nephron's allegations are still inadequate to state a claim. The vast majority of the allegations in Count VI are merely repackaged misappropriation of trade secrets claims. The Plaintiff does allege that Hulsey tried to "hold off" a prospective customer in order to bring them to USCI and Adamis, but does not claim that Nephron lost the customer or even a sale

in connection with that attempt. Accordingly, to the extent that Count VI is not preempted, it does not adequately plead damages, and thus fails to state a claim upon which relief can be granted.

### C. Count VIII: Civil Conspiracy

The Plaintiffs allege that the Defendants conspired to misappropriate Nephron's trade secrets, interfere with Nephron's business relationships, breach a Non-Disclosure Agreement by disclosing Nephron's confidential information, and breach the common law duty of loyalty. "The basis for the conspiracy must be an independent wrong or tort which would constitute a cause of action if the wrong were done by one person." *Kee v. Nat'l Reserve Life Ins. Co.*, 918 F.2d 1538, 1541 (11th Cir. 1990) (internal quotation omitted). Because the previously discussed underlying claims are deficient, the civil conspiracy claim is also deficient with respect to those claims.

As for the conspiracy to breach the NDA, "an act which does not constitute a [cause] of action against one person cannot be made the basis of a civil action for conspiracy." *Churruca v. Miami Jai–Alai, Inc.*, 338 So.2d 228, 229 (Fla. 3d DCA 1976), *rev'd on other grounds*, 353 So.2d 547 (Fla. 1977). It appears that this allegation is an attempt by Nephron to repackage its tortious interference with contractual relations claim, which this Court previously dismissed. But USCI and Adamis cannot be said to have conspired to breach a contract for purposes of a civil conspiracy claim. They were not parties to the contract, and therefore, there is no underlying cause of action for breach of contract against them. Accordingly, the civil conspiracy claim is deficient with respect to the allegation of conspiracy to breach the NDA.

The remaining underlying claims are preempted, just as those in the Second Amended Complaint were preempted. Accordingly, Count VIII is due to be dismissed.

## IV. Conclusion

For the foregoing reasons, the Defendants' Motions to Dismiss (Docs. 75 and 76) are **GRANTED**. Counts IV, V, VI, and VIII of the Third Amended Complaint are **DISMISSED** with prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 19, 2019.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party