**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NEPHRON PHARMACEUTICALS
CORPORATION, NEPHRON S.C., INC.
and NEPHRON STERILE
COMPOUNDING CENTER LLC,

      **Plaintiffs,**

v.   Case No:   6:18-cv-1573-Orl-31LRH

JENNIFER SHELLY HULSEY, U.S.
COMPOUNDING INC. and ADAMIS
PHARMACEUTICALS CORPORATION,

      **Defendants.**

## ORDER

This matter comes before the Court on the Motion for Summary Judgment (Docs. 107, 118-1) filed by Defendants U.S. Compounding Inc. ("USC") and Adamis Pharmaceuticals Corporation ("Adamis"; collectively, "Defendants"). On referral, Magistrate Judge Leslie R. Hoffman issued a Report and Recommendation recommending the grant in part and denial in part of the motion. (Doc. 165). Defendants and Plaintiffs Nephron Pharmaceuticals Corporation, Nephron S.C., Inc., and Nephron Sterile Compounding Center LLC (collectively, "Nephron") filed Objections to the Report (Docs. 176, 177), and each filed a Response (Doc. 189, 190). Upon *de novo* review of the above, the Report will be adopted.

**I.   Background**

In this case, Nephron claims that defendant Jennifer Shelly Hulsey ("Hulsey"), a former Nephron employee, misappropriated trade secrets from them when she was hired by USC.[1]

---

[1] The Court adopts and incorporates by reference the "Factual Background" section of the

Nephron asserts that USC and its parent company, Adamis, are liable for directing Hulsey to obtain and provide them with the alleged trade secrets.² Nephron asserts the following claims against Defendants:

(1) Violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.*, ("DTSA") (Count 1);

(2) Violations of the Florida Uniform Trade Secrets Act ("FUTSA") (Count III);

(3) Tortious interference with advantageous business relationships (Count VII).

(Doc. 74).

On May 6, 2020, Defendants filed a motion for summary judgment on liability (Docs. 107, 118-1). The Court referred the motion to United States Magistrate Judge Leslie R. Hoffman. Upon review, and after briefing by the parties (*see* Docs. 121, 127), Judge Hoffman recommends the grant in part and denial in part of the motion (*see* Doc. 165).

As discussed in greater detail below, Defendants and Nephron object to Judge Hoffman's recommendation. (Docs. 176, 177). With briefing complete (Docs. 189, 190), this matter is ripe for adjudication.

## II. Legal Standards

### A. Review of Reports and Recommendations

In resolving objections to the recommendation of a magistrate judge, the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.³ Fed. R. Civ. P. 72(b)(3). *De novo* review requires independent consideration of

---

Report and Recommendation (Doc. 165 at 5-9).

² Nephron's claims against Hulsey are currently stayed as she has filed for bankruptcy.

³ Where a litigant does not make specific objections to a magistrate judge's factual findings, those findings are reviewed for clear error. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9

factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). After conducting a careful and complete review of the findings and recommendations, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### B. Motions for Summary Judgment

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The court is not, however, required to accept all of the non-movant's factual characterizations and legal arguments. *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458–59 (11th Cir 1994).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for

---

(11th Cir. 1993).

trial. Id. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

### III. Analysis

#### A. Defendants' Objection

Defendants raise six objections to the Report on their motion for summary judgment. The Court addresses each objection in turn.

##### 1. Nephron's Damages Evidence

For their first objection, Defendants argue that Judge Hoffman erred by declining to exclude Nephron's damages expert report under Rule 26(a)(1) and by declining to address Defendants' reply argument regarding royalty damages.[4]

Nephron failed to comply with the initial computation of damages disclosure requirement of Fed. R. Civ. P. 26(a)(1). (*See* Doc. 118-19 at 3–4; Doc. 118-20 at 4). However, Defendants did not seek to compel compliance with this requirement earlier in this case when the Court could order disclosure and impose an appropriate sanction. Defendants cannot be permitted to circumvent a reasonable cure to a discovery violation by raising the issue for the first time as a complete defense at summary judgment. *See XTEC, Inc. v. Cardsmart Techs., Inc.*, No. 11-22866-CIV, 2014 WL 10250973, at *4 (S.D. Fla. Dec. 2, 2014); *Cheney v. IPD Analytics*, No. 08-23188-CIV, 2009 WL 4800247, at *4 (S.D. Fla. Dec. 11, 2009). Further, Nephron has provided

---

[4] Defendants repeat the argument that Nephron cannot assert alternative claims for actual damages or a reasonable royalty in their Motion to Exclude Carrie L. Distler's expert report. (Doc. 158). While the Court sees no colorable argument here, it will address Defendants' assertion when it addresses that motion.

- 4 -

Defendants with its damages expert report and Defendants have raised arguments with respect to Nephron's theory of damages in their Reply and their motion to exclude, eliminating any potential prejudice caused by Nephron's discovery violation. (*See* Doc. 127 at 2–3; Doc. 158).

### 2. Exemplary Damages and Attorneys' Fees

For their second objection, Defendants argue that Judge Hoffman incorrectly found an issue of fact with respect to Nephron's entitlement to exemplary damages and attorneys' fees on its DTSA and FUTSA claims. As discussed below, Nephron has presented sufficient evidence to establish disputed issues of material fact with respect to whether Defendants misappropriated its trade secrets by acquisition or use. *See infra* § (III)(A)(5). These issues of fact encompass whether Defendants engaged in "willful and malicious" misappropriation and fall within the province of the jury. *See* Fla. Stat. §§ 688.004(2), 688.005; 18 U.S.C. §§ 1836(b)(3)(C), (D).

### 3. Additional Trade Secrets

For their third objection, Defendants appear to argue that Judge Hoffman failed to address Nephron's "other" trade secret claims—that Hulsey's alleged misappropriation of a customer compilation summary and more customer contact lists can be imputed to Defendants under an agency theory. This is incorrect as Judge Hoffman specifically addresses this argument, as well as Defendants' objections. (*See* Doc. 165 at 36-38). Nonetheless, considering Defendants' arguments on the issue *de novo*, summary judgment is inappropriate. Defendants moved for summary judgment with respect to three specific trade secrets at issue in this case, which do not encompass the "other" trade secrets that Defendants point to here. Because Defendants failed to move for summary judgment on these other claims, the Court need not address Defendants' contentions further.[5]

---

[5] Even considering Defendants' arguments here, there are genuine issues of material fact

### 4. Hearsay Objection

For their fourth objection, Defendants argue that Judge Hoffman erred in rejecting their hearsay objection as to Nephron's Exhibit E. In their Reply, Defendants objected to sixteen exhibits comprising over 150 pages of records as hearsay without providing any analysis supporting their position. (Doc. 127 at 2). Defendants now limit their objection to Exhibit E. (Doc. 121-6). As in their Reply (Doc. 127 at 7 n.40), Defendants declined to elaborate on the basis for this objection beyond stating that the document is hearsay. (Doc. 177 at 10). Defendants have declined to put forth any argument on the issue or provide legal authority in support of their position. This objection is therefore overruled.[6] *See U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007); *Farah v. A-1 Careers*, No. 12-2692-SAC, 2013 WL 6095118, at *12 (D. Kan. Nov. 20, 2013).

### 5. Trade Secrets

For their fifth objection, Defendants argue that Judge Hoffman erred in finding that Nephron presented material issues of fact on the elements of its trade secret claims. The Court will address each element in turn.

#### i. Ownership

Defendants claim that the trade secret claims of Nephron S.C., Inc. and Nephron Sterile Compounding Center LLC must be dismissed because only Nephron Pharmaceuticals Corporation can establish ownership of the alleged trade secrets. In their Motion, Reply, and Objection,

---

with respect to these arguments and summary judgment is improper. (*See* Doc. 121 at 22–25; Doc. 127 at 14–15).

[6] The Court further notes that Exhibit E is a demonstrative summary of Nephron's evidence and is not excludable as hearsay. The Exhibit has no substantive impact on Defendants' arguments at summary judgment and its exclusion would not impact the Court's analysis.

Defendants cite to no authority supporting the contention that ownership is an element under FUTSA. *See Treco Int'l S.A. v. Kromka*, 706 F. Supp. 2d 1283, 1290 (S.D. Fla. 2010). Even if ownership were required under FUTSA and DTSA, the only statement cited by Defendants does not establish as a matter of law whether one or all the plaintiffs owned the alleged trade secrets and dismissal is not appropriate at this stage. (*See* Doc. 118-4 at 25:6–15).

### ii. Whether Nephron's Information Constitutes Trade Secrets

Defendants assert that Nephron's customer list, pricing and sales information, and commercial strategy are not trade secrets under DTSA and FUTSA. "[C]onfidential business information and customer information is protected" under both statutes. *New Country Motor Cars of Palm Beach, LLC v. Beresford*, No. 17-80856-CIV, 2019 WL 3890456, at *8 (S.D. Fla. May 3, 2019). "The question of whether information constitutes a trade secret is a question of fact normally resolved by a jury after full presentation of evidence." *Trinity Graphic, USA, Inc. v. Tervis Tumbler Co.*, 320 F. Supp. 3d 1285, 1293 (M.D. Fla. 2018) (citing *Lear Siegler, Inc. v. Ark-Ell Springs, Inc.*, 569 F.2d 286, 288–89 (5th Cir. 1978)).

Defendants argue that the customer list is not a trade secret because the healthcare entities on the list are publicly known and the lists could easily be replicated by other 503B competitors, while Nephron contends that the customer lists contained confidential information. (*See* Doc. 117 at 432:24–434:16; Doc. 117-2, at 44:2–13; Doc. 121 at 4–5). Defendants further argue that Hulsey's notations as to the "best customers" cannot be trade secrets and that she had memorized this information without the aid of the lists. (*See* 118-1 at 11; Doc. 118-11). Whether Hulsey is to be believed, however, is an issue of credibility for the jury to determine. Defendants further assert that the pricing and sales information cannot qualify as a trade secret because it can be readily ascertained from Nephron's customers. The parties present conflicting deposition testimony as to

whether customers actually reveal Nephron's prices and whether Nephron requires its customers to enter confidentiality agreements. (Doc. 118-1 at 12–13; Doc. 121 at 7–8). The parties also present conflicting testimony and evidence on whether the alleged commercial strategy was generally known. (*See* Doc. 118-1 at 15; Doc. 121 at 10; Doc. 121–17). These are all disputes of material fact and summary judgment is inappropriate here. Further, there is an overarching triable issue of fact as to whether Nephron's database containing its customer list and pricing and sales information is itself protectable. *See Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1314–15 (11th Cir. 2020).

### iii. Reasonable Measures to Protect

Defendants contend that Judge Hoffman erred in finding a triable issue of fact as to whether Nephron's protective measures were reasonable. "Courts are extremely hesitant to grant summary judgment regarding the fact-intensive questions of the existence of a trade secret or whether a plaintiff took reasonable steps to protect its trade secrets." *Furmanite America, Inc. v. T.D. Williamson, Inc.*, 506 F. Supp. 2d 1134, 1141 (M.D. Fla. 2007). As with the briefing before Judge Hoffman, Defendants' Objection and Nephron's Response point to a variety of security measures that Nephron did and did not take. (*See* Doc. 177 at 16–19; Doc. 189 at 14–16). Whether Nephron's security measures were reasonable is a jury question.

### iv. Misappropriation

Defendants contest Judge Hoffman's determination regarding misappropriation on the basis that USC lacked knowledge of Hulsey's non-disclosure agreement and that there is no evidence that Hulsey used or disclosed Nephron's trade secrets after beginning her employment with USC. Again, there is conflicting evidence and inferences from that evidence on the issue. First, Hulsey's supervisor at USC, Clay Guinn, gave conflicting testimony as to his knowledge of

Hulsey's NDA. (*See* Doc. 117-1 at 62:4–63:23; Doc. 121-4 at 63:15–65:1). Second, determining whether Hulsey disclosed or used Nephron's trade secrets will largely depend on a credibility finding and consideration of the circumstantial evidence surrounding her hire. Defendants' objections here challenge the probity of the evidence and fall squarely within the province of the jury. *See Lane v. Celotex Corp.*, 782 F.2d 1526, 1528 (11th Cir. 1986).

### v. Causation

Finally, Defendants briefly contend that Judge Hoffman erred in determining that Nephron's damages expert's report creates an issue of fact as to causation. Nephron faces a "liberal" burden in establishing actual damages and need only show "the misappropriation, the subsequent commercial use, and . . . evidence by which the jury can value the rights the defendant has obtained." *Advantor Sys. Corp. v. DRS Tech. Servs., Inc.*, 678 F. App'x 839, 853 (11th Cir. 2017) (quoting *Premier Lab Supply, Inc. v. Chemplex Indus., Inc*., 94 So. 3d 640, 644 (Fla. 4th Dist. Ct. App. 2012)). Because the Court finds genuine issues of material fact as to whether Defendants misappropriated and used Nephron's trade secrets, the only question here is whether Nephron presented sufficient evidence to value the alleged misappropriation. Nephron's expert report raises an issue of fact in this regard and summary judgment is not appropriate.[7]

### 6. Tortious Interference

Last, Defendants argue that, while Judge Hoffman was correct in recommending summary judgment on Nephron's tortious interference claim as being preempted by FUTSA, she erred to the extent that she rejected their other arguments on the issue. Because the Court agrees with

---

[7] Even were the Court to grant summary judgment as to actual damages, Nephron's trade secret claims could still proceed because it is pursuing an alternative claim for reasonable royalties. Further, Nephron also seeks injunctive relief.

Judge Hoffman's Recommendation as to Nephron's tortious interference claim, further discussion of Defendants' objections is unnecessary.

### B. Nephron's Objection

Nephron only raises one objection to Judge Hoffman's Report and Recommendation—that summary judgment on its tortious interference claim (Count VII) was inappropriate because it is not preempted by FUTSA. Nephron's claim for tortious interference is preempted by FUTSA if it involves "the same underlying factual allegations as [its] claim for trade secret misappropriation." *New Lenox Indus., Inc. v. Fenton*, 510 F. Supp. 2d 893, 908 n.65 (M.D. Fla. 2007) (citing *Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1180–81 (M.D. Fla. 2005)). Nephron states in its objection that it alleges interference with its NDA with Hulsey and with Hulsey's at-will employment relationship. Nephron asserts that the interference with Hulsey's at-will employment comprises a wrong distinct from Nephron's trade secret claims. Nephron seems to imply that the hiring away of an at-will employee is independently sufficient to support a tort claim. While Florida law may permit tortious interference claims in some cases with respect to at-will employment relationships, a plaintiff must still show they were harmed by that interference. *See Ahern v. Boeing Co.*, 701 F.2d 142, 143–44 (11th Cir. 1983). The only harm Nephron alleges it suffered when Defendants hired Hulsey is the misappropriation of its trade secrets. (*See* Doc 74, ¶¶ 145–46). Therefore, Nephron's tortious interference claim is preempted by FUTSA.

### IV. Conclusion

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 165) is **ADOPTED** and **CONFIRMED**, as set forth above.

2. Nephron's and Defendants' Objections (Docs. 176 and 177) to the Report and Recommendation on Defendants' motion are **OVERRULED**.

3. Defendants' Motion for Summary Judgment (Docs. 107, 118-1) is **GRANTED** in favor of Defendants and against Nephron on Count VII of the third amended complaint, and **DENIED** in all other respects.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 7, 2020.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party